## Commonwealth v. Smith

*Frank A. Orban, Jr.*, district attorney, for Commonwealth.

*Wilbert H. Beachy, Jr.*, for defendant.

LANSBERRY, P. J., February 28, 1955—The above prosecution, alleging defendant operated his motor vehicle during the period of suspension of his motor vehicle operator's privileges, is before the court for trial without a jury upon an agreed statement of facts.

The undisputed facts disclose that on December 22, 1954, defendant's motor vehicle operator's privileges were suspended by the Commonwealth for a period of 90 days beginning December 27, 1954; on that latter date defendant returned to the Department of Revenue

his operator's card; he then applied to the department for a restricted use license which request was granted; by letter bearing date January 24, 1955, but postmarked on the envelope, Harrisburg, Pa., January 19, 1955, the Director of the Bureau of Highway Safety informed defendant of the favorable action of the department upon his application for a restricted license and in the same envelope the department returned to defendant his operator's card; no effective date was mentioned in the body of the letter or on the card itself as to when the restricted use permission became effective; the envelope containing the letter and operator's card was delivered to defendant's place of residence in Philadelphia, Pa., on January 20, 1955; on that date defendant being in Baltimore, Md., telephoned his home in Philadelphia, at which time his wife read to him the letter received that day and informed him that his operator's card had been returned in that letter to him; on the basis of the letter and returned card, defendant operated his trailer tractor equipment on the Pennsylvania Turnpike on January 21, 1955; for operating this equipment in Somerset Township, Somerset County, he was prosecuted for a violation of section 6201 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §231, and charged with operating a motor vehicle after suspension and before reinstatement of the privileges.

The Pennsylvania State Police were informed that a restricted license had been granted by the department and his operator's card returned to defendant and that the same was effective beginning January 24, 1955. At no time was this effective date of the restricted license communicated to defendant.

The pertinent portion of the above letter to the defendant is:

"Following your application to the Board of Review of the Department of Revenue for a restricted license

in order that you may continue to carry on your work, I am glad to be able to inform you that the Secretary of Revenue has passed favorably upon your application."

Upon suspension of defendant's operator's privileges, it was incumbent upon him to take affirmative action to have the same restored: Commonwealth v. Krupa, 40 D. & C. 572. Until his application for a restricted license to operate was affirmatively acted upon by the proper department his operating privilege was in suspension and he could not operate upon the highways of Pennsylvania without violating the appropriate section of the code. Defendant did take this affirmative action and the proper department did act favorably in the matter of that application.

The very narrow question thus presented is whether the restoration of the operator's privileges was effective upon the actual return of the operator's card to the operator at his place of residence without any specific mention of the effective date of the restoration or, whether the restoration became effective upon the date of the letter of transmittal returning the operator's card together with the information that the application for restoration had been favorably passed upon by the proper authority.

Upon a consideration of all the factors here presented we are constrained to the conclusion, notwithstanding the date of the letter of transmittal, that defendant's operator's privileges had been effectively restored upon delivery of the operator's card and letter of transmittal of that card. We need not determine the precise moment the restoration became effective. In the instant case the restoration of the privilege became effective prior to the alleged violation.

Accordingly, we find and adjudge defendant not guilty and dismiss the prosecution and assess the record costs upon the County of Somerset.